GEORGIA PUBLIC SERVICE COMMISSION *et al. v.* SMITH TRANSFER COMPANY INC.

HAWKINS, Justice. 1. While the Georgia Public Service Commission is vested with the power to regulate the business of engaging as a motor carrier of persons or property for hire over the public highways of the State (Code, § 68-603), and no person shall so engage without first obtaining from the commission a certificate of public convenience and necessity (§ 68-604), and while the commission in the issuance of the certificate may attach thereto such reasonable terms and conditions as in its judgment the public interest may require (§ 68-605), and in issuing such a certificate the commission must take into consideration the matters specified in Code § 68-609, and is authorized to adopt such rules and orders as it may deem necessary in the enforcement of the provisions of the Motor Common Carrier Act, approved August 27, 1931 (Code, § 68-629), and, therefore, acts in a quasi-legislative manner (*Southeastern Greyhound Lines v. Georgia Public Service Commission,* 181 *Ga.* 75, 181 S. E. 834, 102 A. L. R. 517; *Georgia Public Service Commission v. Georgia Power Co.,* 182 *Ga.* 706, 186 S. E. 839), and

while neither the trial court, nor this court, on review, will substitute its own discretion and judgment for that of the Public Service Commission, where it has exercised its discretion in a matter over which it has jurisdiction (*Hudspeth* v. *Hall*, 113 *Ga.* 4, 38 S. E. 358; *Georgia Public Service Commission* v. *Georgia Power Co.*, 182 *Ga.* 706, 715, supra)—yet, where, as in this case, the commission issued a Class "B" Certificate of Convenience and Necessity, granting to the plaintiff motor carrier the right to transport for hire "highway material between all points in Georgia but over no fixed route," and finds that "it is common knowledge that asphalt is a material used in the construction of highways," the commission is without authority, under the guise of interpreting its certificate, to hold that the carrier does not have the right under such certificate to transport asphalt in bulk in special tank equipment, and to order it to cease doing so. The ruling of the commission to this effect was without legal justification, and was arbitrary, capricious, and an abuse of discretion, where it was not made to appear that the holder of the certificate has wilfully violated or refused to observe any of the lawful and reasonable orders, rules, or regulations prescribed by the commission, or any of the provisions of the Motor Common Carrier Act, or any other law of the State regulating and/or taxing motor vehicles, or that the holder of the certificate is not furnishing adequate service, or that the continuance of the certificate in its original form is incompatible with the public interest, as provided by Code § 68-607. See *McWhorter* v. *Settle*, 202 *Ga.* 334 (3) (43 S. E. 2d, 247); Texas & Pacific Motor Transport Co. *v.* United States, 87 Fed. Supp. 107; Rock Island Motor Transit Co. *v.* United States, 90 Fed. Supp. 516.

2. The transportation by the plaintiff of asphalt as a highway material under its Class "B" Certificate of Public Convenience and Necessity was not violative of Rule 8-a of the Public Service Commission, which provides that "Motor carriers operating under Class 'B' Certificates must not, without the written consent and approval of the Commission first being obtained, receive property at a point located on a fixed route and destined to a point located on a fixed route, or where through or joint service is being operated between such points; but may receive property at a point not located on a fixed route and destined to a point on a fixed route; or may receive property at a point on a fixed route and destined to a point not on a fixed route," since the certificate here involved contains the written consent and approval of the commission to transport "highway material between all points in Georgia but over no fixed route," and the commission in its order and judgment in this case found that "it is common knowledge that asphalt is a material used in the construction of highways."

3. Applying the foregoing rulings to the allegations of the petition, the trial court did not err in overruling the general demurrers of the Georgia Public Service Commission and its members, and of the two competing carriers, to the petition, which sought to declare invalid and to enjoin the enforcement of the order and judgment of the Georgia Public Service Commission, and in restraining the defendants from requiring the plaintiff to discontinue transportation of asphalt in tank trucks in

intrastate commerce between points in Georgia, and from enforcing the order and decision that would have that result.

*Judgment affirmed. All the Justices concur.*

No. 17349. FEBRUARY 14, 1951. REHEARING DENIED MARCH 14, 1951.

*Eugene Cook, Attorney-General, M. H. Blackshear, Assistant Attorney-General, Lamar Sizemore, Assistant Attorney-General, Bland Goodwin Jr., Crawford Pilcher,* and *Harris, Chance & McCracken,* for plaintiffs in error.

*Moise, Post & Gardner,* contra.