## 18544. PETROLEUM CARRIER CORPORATION *et al. v.* DAVIS.

Argued April 14, 1954—Decided May 10, 1954.

*Spence Grayson, Martin Sack, Eugene Cook, Attorney-General, Dudley Cook, Deputy Assistant Attorney-General,* for plaintiffs in error.

*Moise, Post & Gardner, Harris, Chance & McCracken,* contra.

DUCKWORTH, Chief Justice. Code § 68-609 requires that the commission, in determining whether a certificate of public convenience and necessity shall be granted, "must consider the following: (1) whether existing transportation service of all kinds

is adequate to meet the reasonable public needs." The judgment excepted to is based upon a finding by the trial judge that the evidence before the commission failed to show that existing transportation service was inadequate, and therefore the Public Service Commission was without authority to grant the certificate here involved. We think that the trial judge erred in thus construing the quoted provision of the Code section as being mandatory in limiting the power of the commission to those cases only where the evidence showed inadequate existing transportation service. The General Assembly obviously concurred in our view in this respect, else there would have been no need for the enactment of the 1950 amendment (Ga. L. 1950, p. 186). By that amendment the General Assembly provides: "No certificate or authority shall be granted . . . when the public convenience and necessity with respect to such route is being adequately served. . ." And it is further provided that no certificate or authority is to be granted to an applicant unless and until it shall be proved to the satisfaction of the commission that the service rendered over the said route is unsatisfactory to the public needs. A mere reading of the 1950 amendment discloses that it is expressly limited to certificates over fixed routes and is inapplicable to Class "B" certificates, which is the type here involved.

Each of the five specific subjects set forth in Code § 68-609, which the law says the commission must consider, is intended for the guidance of the commission and to define the fields in which the commission shall give consideration, but is, after all, merely advisory, irrespective of what the evidence might disclose in respect to each of the five subjects. The commission, as respects Class "B" certificates, is free to exercise its own judgment and to grant or deny the applications for such certificates.

The wisdom of the law as above construed is demonstrated by the facts in the present case. It appears in the bill of exceptions that the parties stipulated before the commission that this plaintiff in error, at the time the certificate here involved was issued, was, and had been for a number of years, the holder of a Class "B" certificate, authorizing it to transport petroleum and petroleum products in bulk in tank trucks; and that, while asphalt and asphalt emulsion are petroleum products, the com-

mission erroneously, on October 17, 1949, ruled that the plaintiff in error's certificate did not authorize transportation of asphalt and asphalt emulsion. This court in *Georgia Public Service Commission* v. *Smith Transfer Co.*, 207 *Ga.* 658 (63 S. E. 2d 653) held that it was arbitrary and capricious for the Public Service Commission to undertake to construe a certificate that it had issued in a way to exclude therefrom products which the terms of the certificate clearly embraced. With this background before it, the Public Service Commission was merely correcting its own error when it issued the certificate here involved, which expressly authorized the transportation of products that the previous certificate of the plaintiff in error in fact embraced.

For the foregoing reasons, irrespective of whether or not the trial judge correctly analysed the evidence, it was error to grant the injunction.

*Judgment reversed. All the Justices concur.*