18997. ATLANTA MOTOR LINES, INC. *v.* GEORGIA PUBLIC SERVICE COMMISSION *et al.*

MOBLEY, Justice. 1. Neither the trial court, nor this court on review, will substitute its own discretion and judgment for that of the Public Service Commission where it has exercised its discretion in a matter over which

it has jurisdiction, and neither court will interfere with a valid order of the Public Service Commission unless it be clearly shown that the order is unreasonable, arbitrary, or capricious. *Hudspeth* v. *Hall,* 113 *Ga.* 4 (38 S. E. 358, 84 Am. St. R. 200); *Georgia Public Service Comm.* v. *Georgia Power Co.,* 182 *Ga.* 706, 715 (186 S. E. 839); *Georgia Public Service Comm.* v. *Smith Transfer Co.,* 207 *Ga.* 658 (63 S. E. 2d 653).

2. Where, as here, the evidence before the Public Service Commission established that, since the discontinuance of bus service between Dahlonega and Gainesville, Georgia, no transportation service existed between said points, and there was business and existing traffic over said route for which no service was provided; that the applicant was fully financially able to furnish the service; that the only objection was from the Atlanta Motor Lines (the plaintiff in error), which did not object to the grant of a certificate covering the route from Dahlonega to Gainesville, but wanted restrictions upon the certificate forbidding interchange at Gainesville with another carrier operating between Atlanta and Gainesville, on the ground that this would take some of the business of the plaintiff in error over the Atlanta to Dahlonega route, when it was barely making expenses; and that the plaintiff in error was furnishing transportation from Atlanta to Dahlonega only twice each week; and where the applicant testified that the grant of the certificate requested by the applicant would not, in his opinion, interfere with traffic or business of the plaintiff in error—the Public Service Commission did not abuse its discretion in granting a class A certificate without restriction to the applicant for the operation of a motor common carrier for hire between Dahlonega and Gainesville.

3. It follows that the trial court did not err in refusing to grant an injunction enjoining the defendant, Moore, from operating under the certificate granted him by the Public Service Commission.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1955—DECIDED JULY 12, 1955.

*Allan Watkins & Paul M. Daniell,* for plaintiff in error.
*Eugene Cook, Attorney-General, Dudley Cook, Deputy Assistant Attorney-General, Howard Overby,* contra.