19461. WOODSIDE TRANSFER & STORAGE CO. *et al. v.* GEORGIA PUBLIC SERVICE COMMISSION *et al.*

HAWKINS, Justice. Plaintiffs in error brought an action in the Superior Court of Fulton County to enjoin, quash, set aside, and declare void a decision of the Georgia Public Service Commission, wherein a Class "B" certificate, authorizing the movement of household, kitchen, office furniture, and store fixtures between all points in Georgia, which previously had been issued by the commission, was transferred from Dennis Payne, Calhoun, Georgia, to Richmond Transfer & Storage Co., Atlanta, subject to a territorial limitation thereof of twenty miles from Atlanta. The sole question before this court for determination is the authority of the Georgia Public Service Commission to grant a transfer of an existing active certificate, which authority to transfer is attacked on the ground that it involves a change in the base of operations under the certificate from Calhoun, Georgia, to Atlanta. *Held:*

1. "Neither the trial court, nor this court on review, will substitute its own discretion and judgment for that of the Public Service Commission where it has exercised its discretion in a matter over which it has jurisdiction, and neither court will interfere with a valid order of the Public Service Commission unless it be clearly shown that the order is unreasonable, arbitrary, or capricious." *Atlanta Motor Lines Inc.* v. *Georgia Public Service Commission,* 211 *Ga.* 698 (1) (88 S. E. 2d 387).

2. The provision of Code (Ann. Supp.) § 68-609, declaring that the Public Service Commission must consider (1) "Whether existing transportation service of all kinds is adequate to meet the reasonable public needs"; (2) "The volume of existing traffic over such route, and whether such traffic and that reasonably to be anticipated in the future can support already existing transportation agencies and also the applicant"; and (5) "The effect on existing transportation revenues and service of all kinds, and particularly whether the granting of such certificate will or may seriously impair essential existing public service," is advisory only and, irrespective of what the evidence might be upon the subjects there mentioned, the commission may grant or deny a Class "B" certificate without offending the law. "The 1950 amendment of the foregoing section is expressly limited to certificates over · fixed routes, and has no

application to Class 'B' certificates." *Petroleum Carrier Corp.* v. *Davis,* 210 *Ga.* 568 (81 S. E. 2d 805).

3. In this case Dennis Payne, of Calhoun, Georgia, was the holder of a Class "B" certificate authorizing him to transport household, kitchen, office furniture, and store fixtures "between all points in Georgia," which, under Code § 68-607, the Public Service Commission was authorized to "suspend, revoke, alter, or amend," and under Code § 68-608 was authorized to transfer. There was no limitation as to how many trucks he could operate, nor restriction as to the Georgia point of origin of the bulk of his business. The Public Service Commission having authority to alter or amend, and transfer, this certificate, which it did, limiting it to "between all points within the highway mileage radius of 20 miles of Atlanta, Georgia," there is no merit in the contention of counsel for the plaintiffs in error that the Public Service Commission was without authority to transplant a one-truck operation from the outskirts of Calhoun, Georgia, to an eleven-truck operation in the metropolis of Atlanta; and it follows that the trial court did not err ·in refusing to grant a temporary injunction.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

Argued September 11, 1956—Decided October 10, 1956.

*James L. Flemister,* for plaintiff in error.

*John E. Feagin, Eugene Cook, Attorney-General, E. Freeman Leverett, Robert H. Hall, Assistant Attorneys-General,* contra.