21350. J. & M. TRANSPORTATION COMPANY, INC.,
v. GEORGIA PUBLIC SERVICE COMMISSION *et al.*

Argued September 13, 1961—Decided October 5, 1961.

*Watkins & Daniell, Paul M. Daniell, Clyde W. Carver,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ariel V. Conlin, Assistant Attorney-General, Sheldon C. Dorough, Deputy Assistant Attorney-General, James M. Collier,* contra.

DUCKWORTH, Chief Justice. The broad discretion conferred upon the Public Service Commission by *Code Ann. Ch.* 68-5 (Ga. L. 1931, Ex. Sess., p. 99; 1931, p. 199; 1933, p. 198; 1937, p. 727; 1939, p. 207; 1943, p. 179) is essential to a proper administration of that law, and courts will not interfere with orders of the commission unless it is shown that they were not rendered in the exercise of discretion but rather are arbitrary, unreasonable and capricious. *Hudspeth v. Hall,* 113 Ga. 4 (38 SE 358, 84 ASR 200); *Ga. Public Service Comm. v. Ga. Power Co.,* 182 Ga. 706 (186 SE 839); *Ga. Public Service Comm. v. Smith Transfer Co.,* 207 Ga. 658 (63 SE2d 653); *Atlanta Motor Lines v. Ga. Public Service Comm.,* 211 Ga. 698 (88 SE2d 387).

The provisions of *Code Ann.* § 68-504(f) (Ga. L. 1931, Ex. Sess., p. 99; 1931, p. 199; Code of 1933), are in all respects the same as the provisions of *Code Ann.* § 68-609 (Ga. L. 1931, p. 199; 1950, p. 186) with respect to the enumerated five elements that the commission must consider. Therefore, the decisions of this court in *Petroleum Carrier Corp. v. Davis,* 210 Ga. 568 (81 SE2d 805); *Woodside Transfer &c. Co. v. Ga. Public Service Comm.,* 212 Ga. 625 (94 SE2d 706); and *Tami-*

*ami Trail Tours, Inc. v. Ga. Public Service Comm.*, 213 Ga. 418 (99 SE2d 225); all dealing with *Code Ann.* § 68-609, supra, are directly applicable and controlling on the construction of *Code Ann.* § 68-504(f), supra. Both sections add to the five enumerated considerations the following: "among other things." This quoted provision can not be ignored, and its proper recognition requires a construction that the commission's judgment need not rest upon any or all of the five fields enumerated. Both *Code Ann.* § 68-504, which relates to "motor carriers" and *Code Ann.* § 68-609, which relates to "motor common carriers" require the procurement of a certificate of public convenience and necessity from the Public Service Commission after a hearing pursuant to findings by the commission to the effect that "the public interest requires such operation." The public interest, while embracing the five elements above discussed, yet comprehends much more. And when, as in this case, it appears that the commission had evidence authorizing it in the exercise of its discretion to issue the certificate applied for to operate a Class "E" motor contract carrier of specified commodities within a defined territory, the trial judge did not err in refusing to enjoin the commission or the applicant as prayed.

*Judgment affirmed. All the Justices concur.*