23493. BROWN TRANSPORT CORPORATION et al. v. PILCHER, Member of the Public Service Commission, et al.

CANDLER, Presiding Justice. This record makes the following case: On July 25, 1962, the Georgia Public Service Commission granted Watson-Wilson Transportation System, Inc. (hereinafter referred to as Watson-Wilson) a Class A certificate of public convenience and necessity authorizing it to provide service as a motor common carrier of property for hire from Atlanta to Augusta over State Highways 8 and 10 (U. S. 29 and 78) via Tucker, Lawrenceville, Winder, Athens, Lexington, Washington, Thomson and all intermediate points. Both before and after that certificate was granted the Commission issued certificates of public convenience and necessity to Brown Transport Corporation and six other motor common carriers authorizing each to transport property for hire over

the same highways but restricting the certificate of each to a separate and specified segment thereof. On October 1, 1964, R. C. Motor Lines, Inc. (hereinafter referred to as R. C.) filed an application with the Commission for a certificate of public convenience and necessity identical in all respects to the one the Commission had previously issued to Watson-Wilson. Its application was based on the proposition that Watson-Wilson's service over the route its certificate covered had been by it curtailed and virtually discontinued. Its application did not question the adequacy of service being rendered by the seven carriers who held certificates for separate segments along the Watson-Wilson route. The seven certificate holders protested R. C.'s application on the ground that each was rendering adequate service on its route and that they could and would as a group of certificate holders render adequate service over and along the entire route from Atlanta to Augusta. On November 12 and 13, 1964, the Commission conducted a hearing on R. C.'s application. At such hearing applicant and protestants introduced evidence in support of its and their respective contention. The hearing was then adjourned until April 1, 1965, and Watson-Wilson was notified to resume operations over its route and to render the service of it as a certificate holder. This it failed to do, ignoring altogether the notice given it. Introduction of evidence was concluded on April 1, 1965, and on September 2, 1965, the Commission, with one member dissenting, granted the certificate applied for by R. C. Its order recites: "The record is conclusive that the intrastate operations of Watson-Wilson have been reduced to mere token service and that there is no intention on the part of that company to re-establish a reasonable level of local service. The healthy competition which heretofore existed in this area has been one of the prime factors in assuring a high standard of motor carrier service between the important Georgia cities here involved, and the Commission is of the opinion that it is necessary in the public interest to retain that competitive condition by the granting of the authority here sought." The protesting certificate holders (Watson-Wilson not being one of them) filed a petition in the Superior Court of Fulton County against the five members of the Commission and R. C. Motor Lines, Inc. The petition prays for an order temporarily and permanently enjoining the defendant mem-

bers of the Commission from delivering to defendant R. C. Motor Lines, Inc. the certificate of public convenience and necessity granted it on September 2, 1965, and that defendant R. C. Motor Lines, Inc. be temporarily and permanently enjoined from receiving or accepting such certificate. By amendment the petition prayed for a decree declaring null and void the Commission's order granting the certificate for which R. C. applied. The petition alleges that the Commission erred in granting the application of R. C. because (a) it failed to apply and give effect to *Code Ann.* § 68-609; (b) there was no evidence which authorized the Commission to find that the service being rendered by petitioners over the route involved was inadequate; and if so, it failed to give them notice and opportunity to remedy such inadequacy before granting to R. C. the certificate applied for; (c) the Commission was unauthorized to find from the evidence that existing service over the route involved was insufficient to meet reasonable public needs; (d) there was no evidence authorizing the Commission to find that the volume of existing business and that reasonably to be anticipated would provide reasonable income for already existing certificate holders on the route involved and also for R. C. as an additional certificate holder; and (e) from the evidence the Commission was required to find that the certificate applied for, if granted, would materially lessen the revenue presently being received by petitioners and consequently would greatly reduce their ability to supply the service presently being rendered by them. There is attached to and made a part of the petition the proceedings filed with the Commission, including all of the evidence it heard with reference thereto. The defendant Commission and R. C. filed separate answers to the petition in which they denied that the Commission's order granting the certificate applied for was for any reason illegal or unsupported by evidence. The trial judge, after hearing further evidence, denied the injunctive relief sought and from that judgment petitioners entered an appeal to this court. *Held:*

1. By its several orders granting certificates of public convenience and necessity to Watson-Wilson and the 7 protesting certificate holders, the Public Service Commission necessarily found and determined there was a need for all of those property transportation facilities between Atlanta and Augusta and the record in this case does not involve or question their

validity. By those orders Watson-Wilson and each of the 7 protesting certificate holders had a separate route between designated terminal points along and over State Highways 8 and 10 (U. S. 29 and 78)—highways leading from Atlanta to Augusta. And a different holding is not required by the 5-2 decision of this court in *Tamiami Trail Tours, Inc. v. Georgia Public Service Commission*, 213 Ga. 418 (99 SE2d 225).

2. "Neither the trial court, nor this court on review, will substitute its own discretion and judgment for that of the Public Service Commission where it has exercised its discretion in a matter over which it has jurisdiction, and neither court will interfere with a valid order of the Public Service Commission unless it be clearly shown that the order is unreasonable, arbitrary, or capricious." *Atlanta Motor Lines, Inc. v. Georgia Public Service Commission*, 211 Ga. 698 (1) (88 SE2d 387).

3. *Code* § 68-609, as amended by the Act of 1950 (Ga. L. 1950, pp. 186, 187), in part provides: "No certificate or authority shall be granted to an applicant proposing to operate over the route of any holder of a certificate or authority when the public convenience and necessity with respect to such route is being adequately served by such certificate or authority holder; and no certificate or authority shall be granted to an applicant proposing to operate over the route of any holder of a certificate or authority unless and until it shall be proved to the satisfaction of the Commission that the service rendered by such certificate or authority holder, over the said route, is inadequate to the public needs; and if the Commission shall be of opinion that the service rendered by such certificate or authority holder over the said route is in any respect inadequate to the public needs, such certificate or authority holder shall be given reasonable time and opportunity to remedy such inadequacy before any certificate or authority shall be granted to an applicant proposing to operate over such route." Under the facts of this case the Commission was authorized to find that the service being rendered by Watson-Wilson was wholly inadequate and, since it had failed to resume operations and thereby render adequate service after notice, the Commission was authorized under the above quoted portion of *Code* § 68-609 to substitute R. C. as a certificated carrier for Watson-Wilson. And by this substitution the Commission did not, as contended by appellants, impair in any respect the separate certificate rights which had been granted them

to transport property over designated segments of the aforementioned highways running from Atlanta to Augusta. As pointed out in our statement of facts, R. C.'s application for a certificate of convenience and necessity does not question the adequacy of the service being rendered by any one of the protesting carriers over its fixed and designated route. In Virginia Stage Lines, Inc. v. Commonwealth, 186 Va. 1066, 1076 (45 SE2d 318), that court in construing a section of Virginia's Code like the quoted portion of *Ga. Code Ann.* § 68-609, said: "A 'route' is a direction of travel from one place to another. It may be over one or more named or numbered highways or paths. A 'highway' is a road for travel, and may be a portion of one or more different routes. When numbered or named as a highway running from one point to another, it becomes a route." Two routes cannot be the same unless the highways, the certificates of convenience and necessity, and the terminal points are the same. Hence, compliance with the above quoted portion of *Code Ann.* § 68-609 as to these protesting certificate holders was not necessary.

4. The protesting certificate holders contended that there was no need for the certificate of convenience and necessity applied for by R. C. since they as a group of separate certificate holders could and would render adequate property transportation service from Atlanta to Augusta. This position is untenable. No one of these protesting certificate holders, or all as a group, has unrestricted certificate authority to transport property over the entire route from Atlanta to Augusta. The certificate of Huckabee Transport Corporation, one of the protesting carriers, authorizes it to transport property from Atlanta to Washington with closed doors to Augusta, except at Camp Gordon and the other 6 have authority to transport property over only relatively short segments of such route between fixed terminal points. By granting R. C.'s application, the Commission necessarily found and determined that such a plan or proposal would not provide adequate transportation service for the entire route from Atlanta to Augusta. As to this question, the Commission had jurisdiction, and neither the trial court, nor this court on review, should interfere to control the exercise of its discretionary power.

5. From the evidence which shows that the cities and towns along the aforementioned highways have during recent years experienced a tremendous growth in population, industry, and

business generally, the Commission and the trial judge were authorized to find, as they did, that there was a present need for through and adequate transportation of property by motor carrier service from Atlanta to Augusta over such highways and that a new carrier should be substituted for Watson-Wilson. And in these circumstances courts are not authorized to interfere with the Commission's action. *J. & M. Transportation Co. v. Georgia Public Service Commission*, 217 Ga. 296, 299 (122 SE2d 227).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1966—DECIDED JUNE 9, 1966.

*Reynolds & Reynolds, R. J. Reynolds, Jr., Guy H. Postell, Watkins & Daniel, Robert E. Born, Heard & Leverett, E. Freeman Leverett, Lawson E. Thompson,* for appellants.

*Arthur K. Bolton, Attorney General, Paul Hanes, Assistant Attorney General, Robert C. Norman, Hull, Towill & Norman, David J. Heinsma,* for appellees.