30467, 30468. GREYHOUND LINES, INC. v. GEORGIA PUBLIC SERVICE COMMISSION et al.; and vice versa.

INGRAM, Justice.

The Greyhound Bus Line has for some years operated a morning bus between Athens and Atlanta, passing through and stopping at Lawrenceville enroute, and a morning bus about the same time between Lawrenceville and Atlanta, under certificates of public convenience and necessity granted by the Public Service Commission. There are also two evening buses which make the return trip with the same stops as the morning buses. Greyhound sought to have the morning and evening trips between Lawrenceville and Atlanta discontinued as uneconomical and redundant because the Athens bus could handle the passenger load of both buses. After a hearing, the Public Service Commission disapproved Greyhound's application to discontinue the Lawrenceville bus. Greyhound then filed the present litigation which resulted in an adverse ruling in the trial court.

This order of the Public Service Commission must be judged in the courts by the following principle of law:

Neither the trial court, nor this court on review, will substitute its own discretion and judgment for that of the Public Service Commission where it has exercised its discretion in a matter over which it has jurisdiction, and neither court will interfere with a valid order of the Public Service Commission unless it be clearly shown that the order is unreasonable, arbitrary or capricious. *Atlanta Motor Lines v. Ga. Public Service Commn.,* 211 Ga. 698 (1) (88 SE2d 387) (1955); *Woodside Transfer &c. Co. v. Ga.*

*Public Service Commn.,* 212 Ga. 625 (1) (94 SE2d 709) (1956); *Tamiami Trail Tours v. Ga. Public Service Commn.,* 213 Ga. 418, 425 (99 SE2d 225) (1957); *Brown Transport Corp. v. Pilcher,* 222 Ga. 276, 280 (4) (149 SE2d 670) (1966); *Atlanta Gas Light Co. v. Ga. Public Service Commn.,* 229 Ga. 695, 664 (193 SE2d 835) (1972).

The issue we decide is whether Greyhound has clearly shown that the denial of its application by the Public Service Commission was unreasonable, arbitrary or capricious. After a careful review of the record, we conclude that trial court correctly decided the commission has not acted unreasonably, arbitrarily or capriciously in this case.

Greyhound argues there is no evidence to support the conclusion reached by the commission. In our judgment, if the record contains any reasonable basis for the decision of the commission we have no authority to set it aside. See *Tamiami Trail Tours v. Ga. Public Service Commn.,* supra, p. 425. For this reason, it is unnecessary to recite the evidence offered by Greyhound. It is sufficient to note that if the commission had granted Greyhound's application, the evidence in the record would authorize it. The question is whether the entire record demands a different result from that reached by the commission.

Greyhound's position at the hearing before the commission was not unopposed. A state senator from Gwinnett County testified and urged the commission not to deny Greyhound's commuters "their mode of transportation to their work, to their livelihood." Another witness presented a statement from the Board of Commissioners of Gwinnett County which urged the commission to increase service, rather than diminish it, because of the fuel crisis. A state representative from Gwinnett County also testified and expressed his view that it would be inexpedient to discontinue the Lawrenceville bus in view of the uncertain economic situation.

Greyhound argues that these statements were not evidence which controverted the facts it offered but should be characterized as mere pleas or arguments to the commission. In addition, the commission considered several letters from Lawrenceville commuters opposing

Greyhound's application. These letters were made known to Greyhound and it responded to issues raised by the letters. However, it did not object to the commission's consideration of either the sworn statements of the witnesses who appeared in opposition or to the unsworn letters from commuters. The gist of two of the letters was as follows: One rider living in Lawrenceville, and working in Atlanta for 25 years, told the commission she has ridden the Lawrenceville bus to Atlanta for "almost all of that time." She said the Athens bus has never been dependable. Another rider from Lawrenceville stated, "I cannot depend solely on the Athens to Atlanta schedule, due to so many breakdowns that have happened in the past, making myself and others late to work" in Atlanta.

Greyhound urges that if we do not consider these statements and letters there is no evidence to support the commission's decision. In suggesting these statements and letters should not have been considered by the commission, and thus cannot now be used to authorize the commission's decision, Greyhound relies on a portion of Rule 91 of the commission. It provides as follows: "Upon the hearing of all cases that may come on to be heard before the Commission, the respective parties may present their testimony, either written or oral, or by affidavits." However, as counsel for the commission points out, Rule 91 of the commission also provides that: "This rule of procedure and of evidence, except as to notice of hearing above provided, may in any and all instances be varied or relaxed when in the exercise of a sound discretion this Commission shall be of the opinion that a departure from the letter thereof may be necessary to the attainment of substantial justice; due care being taken in every instance to guard against any injurious surprises."

We think the commission was authorized under its rules to consider the statements of the witnesses and the letters in opposition to Greyhound's application. Apparently, Greyhound thought so at the hearing before the commission because no objection to them was made until the case got into court. In any event, there is no contention, if indeed there could be, that the commission does not have the authority to adopt the rule it has which

permits consideration of matters that would otherwise be inadmissible as evidence in a judicial inquiry.

This hearing before the Public Service Commission cannot be equated to a judicial inquiry before the court. Rather, it is more of an investigatory hearing for the future that has more of the characteristics of a legislative hearing than a judicial hearing. "A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation on the other hand looks to the future and changes existing conditions, by making a new rule to be applied thereafter to all or some part of those subject to its power. The establishment of a rate (or a bus schedule, we might add) is the making of a rule for the future, and therefore is an Act legislative not judicial in kind." *Mut. Light &c. Co. v. City of Brunswick,* 158 Ga. 677, 682 (124 SE 178) (1924) (quoting from Prentis v. Atlantic Coast Line, 211 U. S. 210 (29 SC 67) (1908)).

In *Tamiami Trail Tours v. Ga. Public Service Commn.,* supra, this court said: "The Commission is authorized by statute to adopt rules of evidence and procedure in carrying out its duties in the administration of Chapter 68 of the Code, and is not bound by strict rules of evidence in conducting its hearings. Code § 68-523. Similar statutes of other jurisdictions with respect to administrative agencies have been considered by the courts, and it has been generally held that the strict rules of evidence applicable in jury-trial cases are not applicable before quasi-legislative agencies. Long Beach Gas Co. v. Maltbie, 36 N. Y. S. 2d 194 (264 App. Div. 496); Western R. of Ala. v. Montgomery County, 228 Ala. 426 (153 S 622); In re New England Power Corp., 103 Vt. 453 (156 A 390); Solar Elec. Co. v. Penn. Pub. Utilities Comm., 137 Pa. Super. 325 (9 A2d 447). In Consolidated Edison Co. v. National Labor Relations Board, 305 U. S. 197, 229 (59 SC 206, 83 LE 126), it is said: 'The obvious purpose of this and similar provisions is to free administrative boards from the compulsion of technical rules so that the mere admission of matter which would be deemed incompetent in judicial proceedings would not invalidate the administrative order . . . But this assurance

of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force. Mere uncorroborated hearsay or rumor does not constitute substantial evidence.' The introduction of the affidavits before the Commission in the instant case was not error."

We hold the sworn statements of the witnesses and the letters of the commuters in opposition to Greyhound's application which were considered by the commission were not "[m]ere uncorroborated hearsay or rumor" and together furnished a sufficient basis for the commission to deny Greyhound's application, especially since Greyhound tacitly acknowledged their efficacy by responding to the issues created by them and made no complaint about the commission's consideration of these matters at the hearing. We have considered the ancillary issues urged by Greyhound and find them to be without merit. The judgment of the trial court, sustaining the commission's order, will be affirmed on the present record. If circumstances change in the future, Greyhound is free to pursue another application before the commission subject to its rules.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Jordan and Hill, JJ., who dissent.*

ARGUED NOVEMBER 17, 1975 — DECIDED JANUARY 7, 1976 — REHEARING DENIED JANUARY 27, 1976.

*Gambrell, Russell, Killorin & Forbes, Theodore M. Forbes, Jr., Douglas N. Campbell,* for appellant.

*Arthur K. Bolton, Attorney General, Harold D. Corlew, Staff Assistant Attorney General,* for appellees.

HILL, Justice, dissenting.

I dissent.

The trial court granted the Public Service Commission's motion for summary judgment. Declaring that it is unnecessary to recite the evidence offered by Greyhound, this court affirms.

The court concludes that the trial court correctly decided that the commission has not acted unreasonably,

arbitrarily or capriciously in this case. This conclusion is reached without consideration of the evidence offered by Greyhound.

The "evidence" in support of the commission's conclusion consists of the sworn arguments of three public officials appearing on behalf of their constituents, and two letters from passengers saying the Athens bus is undependable. The former is not evidence and the latter is not relevant to the issue of the need for two buses (one dependable bus could be required by the commission). This "evidence" is deemed sufficient by this court to sustain the action of the commission as being reasonable, notwithstanding the evidence introduced by Greyhound as to the on-time performance record of the Athens bus, notwithstanding the evidence introduced by Greyhound that one bus will carry all the passengers desiring bus transportation between Lawrenceville and Atlanta at the times in question, with seats to spare, and notwithstanding the evidence that operating two buses where one is ample is uneconomic and a waste of fuel.

The intransigent policy of the commission, which this court today approves on the basis of two letters, may cause public carriers to surrender their certificates of public convenience and necessity altogether, rather than litigate with the commission for permission to operate economic schedules. The public will suffer more from no service than it will from the inconvenience of having only one bus to ride. Will transportation of passengers by bus follow the railroads? If so, it will not be with the unanimous approval of this court because I dissent.

I am authorized to state that Chief Justice Nichols and Justice Jordan join in this dissent.